ELIZABETH RAYNOR, Respondent, *v.* NATIONAL CASUALTY COMPANY, Appellant.

Supreme Court, Appellate Term, First Department, June 4, 1925.

Insurance — action by beneficiary of accident insurance policy — policy by terms extended from day of issuance to August 1, 1922, " and for such further time as may be stated in the renewal receipts "— policy subsequently renewed from month to month on payment of premiums and continued to February 1, 1924 — acceptance of " delayed " payment of premiums did not change offer of insurer into contract beyond period stated in receipt — beneficiary tendered " delayed " payment of premium subsequent to death of insured on February 24, 1924 — insurer not liable.

Defendant insurance company is not liable upon an accident insurance policy which, by its terms, extended from the day of its issuance to August 1, 1922, " and for such further time as may be stated in the renewal receipts," where it appears that said policy was subsequently renewed from month to month by the payment of premiums and continued until February 1, 1924; and that subsequent to insured's death on February 24, 1924, his beneficiary tendered payment of a delayed premium to the insurer, since there was no policy in force from February 1, 1924, to the insured's death, and consequently no liability attached to the insurer.

The fact that from time to time the insurer accepted a " delayed " payment of premiums, notwithstanding the provision on the receipt card that " premiums are payable in advance on the 1st day of the month without notice," did not change the continuing offer by the insurer to renew the policy into a contract beyond the period stated in the receipt.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Bronx, Second District, in favor of plaintiff after trial by a judge without a jury.

*Leopold Bleich,* for the appellant.

*Oscar L. Dann* [*William F. Smith* of counsel], for the respondent.

PER CURIAM:

Substantially this appeal raises only a question of law. Plaintiff sues for the amount of an accident insurance policy issued to her husband of which she was the beneficiary. The policy is dated June 20, 1922, and by its terms extends from noon of that day until noon of August 1, 1922, " and for such further time as may be stated in the renewal receipts." The assured evidently made satisfactory payments of premiums until June 1, 1923. As appears from a card apparently issued by defendant, he made payment of subsequent premiums as follows: June 1, July 17, August 1, September 1, October 1, November 19 and December 1, 1923. Opposite the entry of these payments by the collector it is noted

that they renewed the policy to the first of the succeeding month respectively, namely, ultimately until January 1, 1924. The last payment was made January 22, 1924, noted as continuing the policy to February 1, 1924. Plaintiff's husband died on the 24th of February, 1924; thereupon plaintiff tendered the February payment either on February twenty-seventh or early in March (plaintiff is not sure of the date). No date is mentioned as the due date of premiums in the policy itself, but on the receipt card occurs the sentence "premiums are payable in advance on the 1st day of the month without notice." Plaintiff contends that this requirement of prompt payment on the first of the month in advance has been waived by the course of practice as above set forth showing delayed payment in many instances. The error in the claim, however, consists in disregarding the fact that this is not a case of a policy issued for a long term, like a year or more, with a requirement of say monthly payments during the time on the first of each month and the provision that in case of default the policy might or should be voided, or substantially a situation of the possibility of the policy being canceled by the non-performance of a condition subsequent. This policy ended by its very terms on August 1, 1922, and after that time there was by virtue of the added provision "and for such further time as may be stated in the renewal receipts" a continuing offer by the company to renew the same whenever the assured by an additional premium accepted the offer and for such additional time as might be stated in the corresponding receipt. The fact that from time to time the defendant might be willing to accept a "delayed" payment of premiums did not change the offer into a contract beyond the period stated in the receipt, and this is true whether the receipt book be regarded as a part of the policy or not. Consequently on February 1, 1924, there was no agreement whatsoever between plaintiff's husband and the defendant. Had he made a delayed payment during February and had it been accepted by the defendant and the usual receipt signed indicating that the policy was thus extended to March 1, 1924, an altogether different question would have been presented. Such, however, was not the case. When plaintiff's husband died there was no agreement existing between plaintiff and the defendant and consequently no liability ensued in favor of plaintiff when her husband died on February twenty-fourth. Judgment reversed, with thirty dollars costs, and complaint dismissed on the merits, with costs.

All concur; present, BIJUR, MCGOLDRICK and LEVY, JJ.