HERBERT A. SMITH, Plaintiff, *v.* MASSACHUSETTS ACCIDENT COMPANY, Defendant.

Supreme Court, Erie County, March 25, 1932.

*William E. Robertson* [*Ethan W. Judd* of counsel], for the plaintiff.
*Godfrey M. Frohe,* for the defendant.

HORTON, J. On February 9, 1917, defendant issued and delivered to plaintiff a policy by which it insured plaintiff for a term of twelve months from that date against disability resulting from bodily injuries through accidental means and against disability by disease. The policy contained a provision as follows: " RENEWAL RIGHT. The Insured shall have the right to renew this policy from year to year upon payment of the premium on or before the anniversary date."

Premiums were paid, sometimes before and sometimes after the anniversary date of the policy each year, renewing the policy to and including the year beginning February 9, 1930. On February 12, 1931, a check dated February 9, 1931, drawn by plaintiff to the order of the defendant, was mailed to the defendant and received at its home office in the city of Boston, Mass., but was returned to the plaintiff by letter dated February 18, 1931, on the ground that the policy had lapsed because of the non-payment of the premium on or before the anniversary date. The defendant stated in the same letter, however, that the check would be accepted if the policy were returned to the home office not later than March 9, 1931, for attachment thereto of a rider to the effect that the contract would terminate at the plaintiff's age sixty nearest birthday.

On February 28, 1931, the policy and check were sent by defendant's agent in Buffalo, by mistake, to the defendant at its home office. Assuming that the policy had been returned to have the rider attached, the defendant accepted the check, attached the rider and returned same to its agent in Buffalo with a notice that the policy was reinstated from that day. Upon this coming to the plaintiff's attention, he brought this action to reinstate the policy in its original form and to declare the rider to be of no force and effect.

The action is brought upon the ground that the course of dealing between plaintiff and defendant over a period of twelve years evidenced a waiver of the terms of the contract as to the time of payment of premiums and that defendant was thereby estopped from declaring a forfeiture since, by its acts over this length of time, it induced the plaintiff to omit strict performance of the contract so far as the time of premium payments was concerned, citing a number of cases like *DeFrece* v. *National Life Ins. Co.* (136 N. Y. 144); *Kenyon* v. *K. T. & M. M. A. Assn.* (122 id. 247); *Leslie* v. *Knickerbocker Life Ins. Co.* (63 id. 27) and others in support of his contention.

These cases are not authority for the claims made by the plaintiff in this action because of the terms of the policy itself. This insurance was for one year only, with a right to renew the policy from

year to year by payment of the premiums on or before the anniversary date of the policy. This was a continuing offer on the part of the defendant so to renew the policy and the time for acceptance of such offer was limited to the anniversary date. The acceptance of payments after the anniversary date can have no effect upon the policy except for the year as to which the premium was accepted because, by its very terms, the life of the policy was one year only. The case is not one of forfeiture but rather of failure to renew. When the plaintiff failed on or before February 9, 1931, to pay the premium then due, the policy on that day lapsed and expired. It could not be reinstated except on the consent of the defendant and upon conditions prescribed by it. In this respect the case is very similar to *Raynor* v. *National Casualty Co.* (125 Misc. 174) which points out the distinction between policies issued for a long term with the possibility of cancellation for non-performance of a condition subsequent and a policy like this which, by its express terms, ended on February 9, 1931, and could not be renewed for a subsequent period except by payment of premium on or before that date unless with the consent of the defendant to be given for each separate renewal without regard to waivers in the past.

The defendant did not give its consent here, and judgment must, therefore, be entered, dismissing the complaint, with costs.